IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DARIN NEWSON

    Plaintiff,                        NO.

                                        HON.

NYX, INC., a/k/a. NYX DETROIT, INC.,


    Defendant.

_____

CARLA D. AIKENS, P.L.C
CARLA D. AIKENS (P69530)
AUSTEN J. SEAROUSE (P84852)
Attorneys for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan 48226
844-835-2993
Carla@aikenslawfirm.com
austen@aikenslawfirm.com

_____

## **COMPLAINT**

Plaintiff, by and through her attorneys, asserts there is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence

      Darin Newson, by and through his attorney, CARLA D. AIKENS, P.L.C., submits the following Complaint against DEFENDANT NYX, INC., a/k/a. NYX DETROIT, INC (hereinafter referred to as "NYX" or "Defendant").

## **JURY DEMAND**

COMES NOW PLAINTIFF, Darin Newson, and hereby makes his demand for trial by jury.

## JURISDICTION

1. Plaintiff Darin Newson was a resident of Wayne County in the State of Michigan at all times relevant to this action.

2. Defendant NYX is a for profit corporation with a registered address of 36111 Schoolcraft Road, Livonia Michigan 48150 and conducts regular and systemic business in the State of Michigan.

3. All relevant actions giving rise to this complaint took place in Wayne County in the State of Michigan.

4. The jurisdiction of this Court is invoked pursuant to Title VII, the Fair Labor Standards Act, and 42 USC § 1981.

5. Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## FACTUAL ALLEGATIONS

7. At all times relevant to this Complaint, Plaintiff was a member of a protected class due to his status as a Black male.

8. At all times relevant to this Complaint, Mr. Newson worked as a forklift driver earning an hourly wage.

9. On or about June 12, 2019, Mr. Newson filed a racial discrimination complaint against NYX, on the basis that NYX was not giivng overtime to Black employees including him.

10. Following that filing, NYX began to deny Mr. Newson the ability to earn overtime.

11. Further, NYX, through its supervisors/agents, would alter Mr. Newson's timesheets to remove any overtime pay he might have earned.

12. Specifically, NYX prohibited Mr. Newson from working on weekend projects, which is where most of the overtime hours are available.

13. On or about April 2, 2022, the respondent denied Mr. Newson weekend project assignment which continued Defendant's refusal to allow Mr. Newson to earn overtime pay following the filing of his racial discrimination complaint.

14. Upon information and belief, NYX has repeatedly and continually denied Mr. Newson the ability to earn overtime pay, to the present time.

15. Upon information nad belief, Black employees such as Mr. Newson are routinely denied the ability to earn overtime.

16. Upon information and belief, overtime pay is available to Mr. Newson's position and other similarly situated employees.

17. Upon information and belief, other non-Black employees do earn overtime pay from NYX.

18. Mr. Newson has been told not to come into work on a project due to it being canceled when in fact the project was not canceled.

19. Mr. Newson further was told by management that forklift drivers were not eligible or did not receive overtime.

20. Upon information and belief, other employees in similar roles to Mr. Newson were allowed to work on the allegedly "canceled" project.

21. Upon information and belief, Mr. Newson had perfect attendance in accordance with the policies of NYX.

22. Upon information and belief, Mr. Newson has the most seniority out of the forklift drivers working for NYX at all times relevant to this complaint.

23. Upon information and belief, the other forklift drivers were not prohibited from coming in to earn overtime.

24. Mr. Newson told his direct supervisor as well as others in management about the differential treatment he received.

25. Mr. Newson brought his concerns to management and a "new" HR person in a meeting where he pointed out his seniority, the lack of overtime, and the differential treatment.

26. During this meeting, Mr. Newson was told overtime differences were based on shipping versus receiving assignments.

27. However, Mr. Newson informed management and HR that other employees that he worked with would work on the weekends and earn overtime.

28. Further, Mr. Newson told management and HR he had been blocked from receiving overtime starting September 19, 2019, only three months after he filed his MDCR racial discrimination complaint.

29. Mr. Newson has been improperly denied overtime in violation of his rights.

## <u>COUNT I</u>
## RETALIATION IN VIOLATION OF 42 USC § 1981

30. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

31. 42 USC § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

32.     Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the First Amendment and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

33.     By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, and those who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

34.     Plaintiff engaged in activity protected by 42 USC § 1981 when he complained of and opposed unlawful racial discrimination.

35.     The retaliation by Defendant that Plaintiff experienced included his repeated prohibition on working overtime hours, which broke the contract between the parties.

36.     The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

37.     As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

38.     But for Defendant's unlawful discrimination against Plaintiff for opposing racial discrimination, Plaintiff would not have suffered damages as set forth herein including his denial of overtime opportunities.

39.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

40.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

41.     At all material times, Defendants was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

42.     A respondeat superior relationship existed because agents of Defendants had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

43.     Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

44.     Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff filed complaints with the MDCR and when he complained about being skipped for overtime on the basis of race.

45.     Defendants, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issue directly to multiple agents of Defendants.

46.     After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, by depriving him of income.

47.     Defendants and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

48.     Plaintiff notified Defendants and its agents of the unwelcomed conduct and communication; however, Defendants failed to remedy the same.

49.     As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

50.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

51.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## RETALIATION IN VIOLATION OF THE ELCRA

52. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

53. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

54. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

55. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

56. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including but not limited to when filed complaints with the MDCR and told Defendant that they skipped over Black employees for overtime.

57. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because he reported the issues to multiple decision makers and/or agents of the Defendant.

58. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, which included repeated and consistent denial of overtime.

59. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

60. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

61. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

62. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

63. Plaintiff requests relief as described in the Prayer for Relief below.

## <u>COUNT IV</u>

## **RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981**

64. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

65. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

66. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded to her by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

67. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

68. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff experienced included being skipped for overtime on the basis of race.

69. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

70. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

71. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of

earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

**COUNT V**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

72. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

73. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

74. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

75. Plaintiff is an African American man, and, as a result, is a member of a protected class pursuant to ELCRA.

76. Plaintiff was subjected to offensive communication and/or conduct on the basis of his membership in this protected class, including but not limited to when he was skipped for overtime.

77. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

78. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

79. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

80. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI: FAIR LABOR STANDARDS ACT

81. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

82. Defendant was Plaintiff's employer as defined by the Fair Labor Standards Act (FLSA). 29 USC 302(d).

83. Plaintiff was an employee as defined by the FLSA. 29 USC 203(e)(1).

84. Plaintiff was engaged in employment with Defendant as defined by 29 USC 203(g).

85. The burden is on Defendant to keep accurate records of the hours Plaintiff worked and the wages Plaintiff was paid.

86. At all times Plaintiff attended to his duties while on Defendant's premises.

87. Defendant deducted time from the amount Plaintiff was owed for short break periods in violation of 29 CFR 785.15.

88. Plaintiff is not an exempt employee as defined by the FLSA.

### A. MINIMUM WAGE

89. Defendant failed to pay Plaintiff the federal minimum hourly wage as established in 29 USC 206.

90. Defendant failed to pay Plaintiff the state minimum hourly wage as established by MCL 408.413.

### B. OVERTIME WAGES

91. Defendant failed to pay Plaintiff the required one and one-half times the amount of his hourly wage for every hour worked over 40 hours in a week in violation of 29 USC 207(a)(1).

92. Plaintiff was not a salaried employee exempting Defendant from paying him overtime wages. 29 CFR 541.602.

93. Plaintiff was never paid more than $684.00 per week, or $35,568.00, exempting Defendant from paying Plaintiff overtime wages. 29 CFR 541.

94. Plaintiff were never paid any bonuses exempting Defendant from paying Plaintiff's overtime wages. 29 CFR 541.602(a)(3).

95. Defendant has the burden of establishing exemptions for not paying Plaintiff's overtime wages.

96. Defendant is not exempted from paying Plaintiff under the learned professional employee exception pursuant to 29 CFR 541.300(a).

97. Defendant is not exempted from paying Plaintiff under the executive employee exception pursuant to 29 CFR 541.100(a).

98. Defendant is not exempted from paying Plaintiff under the highly compensated employee exception pursuant to 29 CFR 541.601(a).

99. Defendant is not exempted from paying Plaintiff under the computer-employee exception pursuant to 29 CFR 541.400(b).

## COUNT VII: MICHIGAN WAGES AND FAIR BENEFITS ACT

100. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

101. Plaintiff was an employee because they were individuals employed by an employer.

102. Defendant was Plaintiff's employer because Defendant is an individual, a partnership, an association, or corporation, who employs one or more individuals.

103. Defendant failed to pay Plaintiff on a timely basis as established by MCL 408.472.

104. Defendant failed to pay Plaintiff all wages earned and due at the time of his separation from employment.

105. Defendant failed to maintain records for Plaintiff which indicated Plaintiff:

    a. Total basic rate of pay,

    b. Total hours worked in each pay period,

106. On pay day, Defendant failed to provide Plaintiff with:

    a. A statement of the hours worked by the employee,

107. Defendant is required to maintain the above referenced records for not less than 3 years. Plaintiff is entitled to the following damages:

    a. Attorney's fees,

    b. Costs and expenses of litigation

    c. Payment of unpaid minimum wages,

    d. Payment of unpaid overtime wages,

    e. Interest on all unpaid wages,

    f. Additional liquidated damages equal to the amount of all established damages,

g. Damages for emotional pain, suffering, and humiliation associated with being under paid and working for less than one's true value,

h. Punitive damages,

i. Fringe benefits due to Plaintiff,

j. A penalty at the rate of 10% annually on the wages and fringe benefits due, and

k. Exemplary damages of not more than twice the amount of the wages and fringe benefits.

## COUNT VIII: IMPROVED WORKFORCE OPPORTUNITY WAGE ACT

108. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

109. Plaintiff is employees of Defendant because Plaintiff is over 16 years of age, Plaintiff was given wages by Defendant, and forced to perform duties and tasks at a premises of Defendant, which is a fixed site that is designated by Defendant.

110. Defendant was Plaintiff's; employer because Defendant is a person, firm, or a corporation who employs two or more employees at any one time within a calendar year.

111. Defendant failed to pay Plaintiff pursuant to the hourly wage established by IWOWA which is set at $9.65.

112. Defendant failed to pay Plaintiff 1-1/2 times his regular hourly rate for hours Plaintiff worked during their workweek in excess of 40 hours.

113. Plaintiff was not a trainee, apprentice, learner, or person with a disability who was unable to meet production standards.

114. Plaintiff did not work for gratuities or tips.

115. Plaintiff does not come under any of the exempted employment arrangements in MCL 408.940.

116. Defendant failed to furnish Plaintiff with:

   a. A statement of the hours worked,

   b. The breakdown of the wages paid to the employee,

   c. The listing of deductions made each pay period, and

   d. A copy of IWOWA and regulations and orders promulgated under this act posted in a conspicuous place in the workplace that is accessible to Plaintiff and other employees.

117. As a result of the above, Plaintiff is entitled to the following damages:

   a. Attorney's fees,

   b. Costs and expenses of litigation,

   c. Payment of unpaid minimum wages,

   d. Payment of unpaid overtime wages,

   e. Interest on all unpaid wages,

f. Additional liquidated damages equal to the amount of all established damages,

g. Damages for emotional pain, suffering, and humiliation associated with being under paid and working for less than one's true value, and

h. Punitive damages.

## **<u>PRAYER FOR RELIEF</u>**

Plaintiff, DARIN NEWSON, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 22, 2023

Respectfully Submitted,

/s/ Austen J. Shearouse
Carla D. Aikens (P69530)
Austen J. Shearouse (P84852)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold Street, Ste. 709
Detroit, MI 48226
austen@aikenslawfirm.com