UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darin Newson,

                Plaintiff,        Case No. 5:23-cv-13267

v.                                  Judith E. Levy
                                    United States District Judge
NYX, LLC.,

                                    Mag. Judge Elizabeth A.
                Defendant.      Stafford

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS [29] AND MOTION FOR COSTS [25]**

     This matter is before the Court on Defendant NYX, LLC.'s motion for review of the Clerk's taxation of costs. (ECF No. 29.) Plaintiff Darin Newson filed suit against Defendant on December 22, 2023. (ECF No. 1.) On November 4, 2025, the Court granted Defendant's motion for summary judgment. (ECF No. 22.) Defendant timely filed its bill of costs on November 13, 2025, seeking $1,820.90 for transcript fees. (ECF No. 24.) Defendant also filed a motion for costs that included transcript-related invoices and documentation demonstrating how the deposition transcripts were used in the case. (ECF No. 25.)

The Clerk denied costs because Defendant's bill of costs did not include receipts for transcripts or supporting documents demonstrating how and where the transcripts were utilized for this case. (ECF No. 26.) Defendant filed an amended bill of costs that included invoices for the relevant depositions, as well as documentation showing the depositions were relied on in support of Defendant's motion for summary judgment. (ECF No. 27.) Defendant then filed a motion for review of the Clerk's taxation of costs. (ECF No. 29.) Plaintiff filed a response objecting to Defendant's motion. (ECF No. 31.) Plaintiff also filed a notice of appeal to the Sixth Circuit. (ECF No. 32.)

## I.  Legal Standard

Absent a federal statute, federal rule, or a court order to the contrary, costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (explaining the Rule 54(d) "creates a presumption in favor of awarding costs"). Relevant to this motion, the Court may tax the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Sales v. Marshall*, 873 F.2d 115, 120

2

(6th Cir. 1989) ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party."). "[A] deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment." *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982).

The party seeking costs must file a bill of costs no later than 28 days after entry of judgment. E.D. Mich. LR 54.1. Upon filing of a bill of costs, the Clerk of the Court will tax costs as provided in the Eastern District of Michigan Bill of Costs Handbook. *Id.* The Handbook provides the specific procedures required to tax costs, including requirements that the party seeking costs: (1) complete a bill of costs form; (2) submit an affidavit affirming that the cost is correct, that it was necessarily incurred in the case, and that the services for which fees have been charged were actually and necessarily performed; and (3) provide supporting documentation for that affirmation. E.D. Mich. Bill of Costs Handbook, § I.C. Where a party seeks costs for transcripts used in support of a motion, supporting documentation should include: (1) the title of the motion, (2) the date it was filed, (3) the exhibit or attachment number, and (4) either excerpts of the deposition transcripts used in

3

support of the motion or the page number of the motion or brief where the transcript was referenced. *Id.* at § II.C.

The Court may review the Clerk's taxation of costs "on motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1). The Clerk's decision is subject to *de novo* review. *See BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). While there is a presumption in favor of awarding costs, Rule 54(d) "allows denial of costs at the discretion of the trial court." *White & White, Inc.*, 786 F.2d at 730. Assuming the prevailing party has met the procedural requirements to recover costs, denial of costs is proper "when 'it would be inequitable under all the circumstances in the case'" to award costs. *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 836 (6th Cir. 2005) (quoting *White & White, Inc.*, 786 F.2d at 730). "A district court does not abuse its discretion to deny the shifting of costs when the prevailing party's expenditures are unreasonably large, when the prevailing party prolonged the litigation or injected unmeritorious issues, in cases that are close and difficult, and where 'the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant.'" *Id.* (quoting *White & White, Inc.*, 786 F.2d at 730).

4

## II. Analysis

Here, the Court granted Defendant's motion for summary judgment on November 4, 2025. Defendant filed its bill of costs on November 13, 2025. Accordingly, Defendant's bill of costs was timely filed. *See* E.D. Mich. LR 54.1. Defendant's initial bill of costs contained a bill of costs form and affidavit but no supporting documentation. (*See* ECF No. 24.) Immediately after filing its bill of costs, however, Defendant filed a motion for costs that did include all necessary supporting documentation: invoices for deposition transcripts, the title of the motion the transcripts were used in support of, the date that motion was filed, the exhibit numbers, the page numbers where transcripts were referenced, and the transcripts themselves. (*See* ECF Nos. 25-3, 25-4.)

On November 14, 2025, the Clerk denied costs because the bill of costs itself did not include the necessary supporting documentation. (ECF No. 26.) Defendant then filed an amended bill of costs with additional documentation. (ECF No. 27.) On November 18, 2025, Defendant also filed a motion for review of the Clerk's taxation of costs, explaining that it had "failed to provide supporting documentation with the Bill of Costs as it erroneously believed the documents were required

5

with a Motion," but that it had now filed an amended bill of costs with the appropriate supporting documentation. (ECF No. 29, PageID.803.) Accordingly, Defendant timely filed a motion for review of the Clerk's taxation of costs. *See* Fed. R. Civ. P. 54(d)(1).

Plaintiff filed an objection to Defendant's motion for review of the Clerk's taxation of costs. (ECF No. 31.) Plaintiff argues that "[t]he Clerk properly declined . . . taxation based on Defendant's non-compliance" with "Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and E.D. Mich. L.R. 54.1." (*Id.* at PageID.906.) Specifically, Plaintiff contends that "Defendant submitted no receipts or invoices" and "failed to identify the purpose or necessity of the costs." (*Id.* at PageID.909.) Plaintiff insists that "[p]ermitting Defendant to supplement after the Clerk's taxation would undermine Rule 54(d) and Local Rule 54.1." (*Id.*) Plaintiff does not argue that taxation of costs would be improper absent these procedural defects.

As a preliminary matter, the Court notes that it is not unusual to allow a party to supplement their supporting documentation on a motion for review of the Clerk's taxation of costs. *See, e.g., Borum v. Illinois Cent. R. Co.*, No. 13-CV-12421, 2014 WL 5026306, at *1 (E.D. Mich. Oct. 8, 2014) (granting defendants' bill of costs where defendants supplemented

6

their supporting documentation on motion for review); *Tyson v. Sterling Rental, Inc.*, No. 13-CV-13490, 2015 WL 12819205, at *1 (E.D. Mich. May 21, 2015) (granting plaintiff's motion for taxation of costs where plaintiff supplemented her supporting documentation on motion for review); *Ashford v. Univ. of Michigan*, No. 2:20-CV-10561-TGB-EAS, 2025 WL 984351, at *8–9 (E.D. Mich. Mar. 31, 2025) (awarding costs to plaintiff where plaintiff attached missing receipts to his motion for review).

Here, following the Clerk's denial of taxation, Defendant amended its bill of costs to include all necessary supporting documentation. (*See* ECF No. 27.) Specifically, Defendant's amended bill of costs includes (1) invoices for each deposition transcript and (2) supporting documentation indicating that each deposition transcript was used in Defendant's successful motion for summary judgment, including the page numbers on which each deposition transcript was referenced. (ECF Nos. 27-3, 27-4.) Accordingly, Defendant's bill of costs now complies with the requirements set forth in the Bill of Costs Handbook. *See* E.D. Mich. Bill of Costs Handbook, §§ I.C, II.C.

Plaintiff does not deny that the deficiencies in Defendant's bill of costs have now been cured. Rather, Plaintiff argues that Defendant

should not be permitted to amend its bill of costs after the Clerk's taxation, because doing so undermines the rules governing the taxation of costs. (ECF No. 31, PageID.909.) Even if the Court agreed, however, the Court notes that Defendant submitted all necessary supporting documentation prior to the Clerk's denial of taxation. Defendant merely attached that documentation to its motion for costs rather than its bill of costs. (*See* ECF Nos. 25-3, 25-4.) The Court does not find that this small procedural error—which has since been cured—overcomes the presumption in favor of awarding costs to the prevailing party. *See White & White, Inc.*, 786 F.2d at 730.

In summary, Defendant filed a timely bill of costs and a timely motion for review of the Clerk's taxation of costs. *See* E.D. Mich. LR 54.1; Fed. R. Civ. P. 54(d)(1). The costs—fees for deposition transcripts used in a successful motion for summary judgment—are of the sort contemplated by 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920(2); *Kaimowitz*, 547 F. Supp. at 1353. Defendant—both before and after the Clerk's denial of taxation—submitted all necessary supporting documentation. (*See* ECF Nos. 25-3, 25-4, 27-3, 27-4.) Plaintiff does not suggest, and the Court does not find, that "it would be inequitable under all the circumstances in the case" to

award costs. *See White & White, Inc.*, 786 F.2d at 730 (emphasis removed). Accordingly, this is not a case where the Court should use its discretion to deny the taxation of costs.

Nor does Plaintiff's pending appeal prevent the Court from deciding Defendant's motion. While "a notice of appeal 'is an event of jurisdictional significance' . . . [it] does not divest the Court of jurisdiction to consider the parties' dispute over the costs taxed." *Gomez v. Henry Ford Health Sys.*, No. 16-13389, 2018 WL 6620910, at *1 (E.D. Mich. Dec. 18, 2018) (citations omitted); *see also Stevenson v. Rayloc*, 114 Fed. Appx. 167, 170–71 (6th Cir. 2004) (explaining that costs may be awarded pending appeal because Rule 54 "contains no timetable governing the taxation of costs" and, even if the circuit court "were to overturn the district court's decision on the merits, the awarding of costs could be remedied on remand").

Accordingly, "district courts throughout this Circuit have routinely rejected the argument that the taxation of costs should await the conclusion of an appeal." *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013); *see also Kirk v. Shaw Env't, Inc.*, No. 1:09-CV-1405, 2010 WL 11681755, at *4 (N.D. Ohio Aug. 12, 2010) ("The majority of courts to consider the issue

have held that, in the interest of judicial efficiency, a district court should not stay consideration of a motion to review a bill of costs because it may lead to piecemeal appeals."); *Holley v. Giles Cnty.*, No. 1:03-0071, 2005 WL 2230081, at *2 (M.D. Tenn. Sept. 12, 2005) (describing "this Court's customary practice not to delay the taxation of costs pending appeal"); *Taglione v. Charter Communs.*, LLC, 335 F.R.D. 506, 508 (S.D. Ohio 2020) (declining to delay awarding costs pending appeal on efficiency grounds); *1704 Farmington, LLC v. City of Memphis*, No. 08-2171-STA-CGC, 2010 WL 890995, at *2 (W.D. Tenn. Mar. 9, 2010) (finding it "more efficient to rule on costs now rather than delay the decision until the appeal is resolved").

The Court is persuaded that the proper approach is not to delay taxation of costs pending appeal. The Court therefore grants Defendant's motion for costs in the amount of $1,820.90.

### III. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion for costs.

IT IS SO ORDERED.

Dated: December 8, 2025                s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY

United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager